# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LAKE CENTRAL SCHOOL CORPORATION, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> JACOB AND MACIEJEWSKI, A.I.A. AND ) </br> ASSOCIATES, ARCHITECTS P.C. ) </br> d/b/a JMA ARCHITECTS, and ) </br> WM. J. HOEKSTRA, ENGINEERS, INC. ) </br> ) </br> Defendants, ) </br> ) </br>     * * * ) </br> ) </br> JACOB AND MACIEJEWSKI, A.I.A. AND ) </br> ASSOCIATES, ARCHITECTS P.C. ) </br> d/b/a JMA ARCHITECTS, ) </br> ) </br> Counter-Claimant, ) </br> ) </br> vs. ) </br> ) </br> LAKE CENTRAL SCHOOL CORPORATION, ) </br> ) </br> Counter-Defendant, ) </br> ) </br>     * * * ) </br> ) </br> JACOB AND MACIEJEWSKI, A.I.A. AND ) </br> ASSOCIATES, ARCHITECTS P.C. ) </br> d/b/a JMA ARCHITECTS, ) </br> ) </br> Third-Party Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> WM. J. HOEKSTRA, ENGINEERS, INC. ) </br> ) </br> Third-Party Defendant. ) | NO. 2:10-CV-97 |

## OPINION AND ORDER

This matter is before the Court on Defendant, WM. J. Hoekstra, Engineers, Inc.'s Motion to Dismiss Count II of Plaintiff's Second Amended Complaint, filed on January 28, 2011. For the reasons set forth below, the motion is **DENIED.**

BACKGROUND

Plaintiff, Lake Central School Corporation ("LCSC") entered into an agreement with Jacobs and Maciejewski, A.I.A. and Associates, Architects, P.C. ("JMA") to provide design and construction drawing and specifications for a project known as the LCSC Mechanical System Replacement at Homan Elementary School ("Project"). JMA in turn contracted with WM. J. Hoekstra, Engineers, Inc. ("Hoekstra") to provide mechanical and electrical engineering services for the Project. Unsatisfied with the performance of the agreement, LCSC brought suit against JMA. JMA brought a counter-claim against LCSC and also a third-party complaint against Hoekstra. Thereafter LCSC sought leave to amend its complaint, and it also added a claim against Hoekstra.

The instant motion to dismiss was filed by Hoekstra pursuant to Federal Rule of Civil Procedure 12(b)(6). Hoekstra alleges that Count II of the Plaintiff's Second Amended Complaint must be dismissed because it asserts that Hoekstra is liable for breach of contract to LCSC as a third-arty beneficiary of the contract between JMA and Hoekstra, and Hoekstra contends that LCSC is not a third-party beneficiary of that contract.

DISCUSSION

Federal Rule of Civil Procedure 8(a) provides, in part: "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the court must "take the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor from those allegations." *Abcarian v. McDonald*, 2010 WL 3189153, *1 (7th Cir. 2010) (citing *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745 (7th Cir. 2010)). Dismissal under Rule 12(b)(6) is required if the complaint fails to describe a claim that is plausible on its face. *Sharp Elecs. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 510 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

A complaint is not required to contain detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff has an obligation under Rule 8(a)(2) to provide grounds of his entitlement to relief, which requires more than labels and conclusions. *Id*. Factual allegations, taken as true, must be enough to raise a right to relief above the speculative level. *Id.* The Seventh Circuit has instructed that plaintiffs may not "merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit)" but must

provide "some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The court clarified the standard for dismissal under Rule 12(b)(6) as follows:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Id.*

Generally, in ruling on a motion to dismiss under Rule 12(b)(6), a court may consider only the plaintiff's complaint. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed.R.Civ.P. 10(c). Accordingly, the contracts attached to the amended complaint will be considered by the Court.

Third-Party Beneficiary Status

The general rule is that "only parties to a contract or those in privity with the parties have rights under a contract." *OEC-Diasonics, Inc. v. Major*, 674 N.E.2d 1312 (Ind. 1996); *see also Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind. Ct. App. 2001). There is an exception to this rule: one not a party may enforce the contract if it is demonstrated that he is a third-party beneficiary. *Id.*

> A third party beneficiary contract requires first, that the intent to benefit the third party be clear, second, that the contract impose a duty on one of the contracting parties in favor of the

> third party, and third, that the performance of the terms necessarily render to the third party a direct benefit intended by the parties to the contract.

*Mogensen v. Martz*, 441 N.E.2d 34, 35 (Ind. Ct. App. 1982); see also *Luhnow*, 760 N.E.2d at 628. With regards to the intentions of the contracting parties, the question of their intention "should be gathered from the terms of the contract itself, considered in its entirety against the background of the circumstances known to and shown to surround the contracting parties at the time of its execution." *Jackman Cigar Mfg. Co. v. John Berger & Son Co.*, 52 N.E.2d 363 (Ind. App. 1944). The question of the parties intent to benefit the third-party beneficiary may be shown by naming the third-party beneficiary "or by other evidence demonstrating the intent or understanding of the parties." *Mogensen*, 441 N.E.2d at 35.

In *Luhnow v. Horn*, the plaintiffs claimed they were third-party beneficiaries to a repair contract between a drainage board and a contractor. *Luhnow*, 760 N.E.2d at 624. The trial court granted a motion for judgment on the pleadings pursuant to Trial Rule 12(c)[1], and an appeal ensued. The Indiana Court of Appeals reversed, noting that:

> *Whether or not the Luhnows actually were third-party beneficiaries is a decision that must be made at a later date, either in a motion for summary judgment or at trial. Whether or not one is a third-party beneficiary is a fact question dealing with the intent of the contracting parties, and a judgment on the pleadings is not the proper vehicle for making that determination.*

---

[1]The same standards that apply to 12(b)(6) motions also apply to 12(c)motions. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

*Id.* at 627 (emphasis in original). On remand, the trial court granted a motion for summary judgment in favor of the defendants. The case was again appealed, and the Indiana Court of Appeals affirmed the trial court. *Id.*

LCSC's response to the instant motion argues, in part, that dismissal of Count II is premature, and would be more appropriately decided on summary judgment. As outlined above, the case law firmly supports this position. Accordingly, the motion to dismiss must be denied, and this Court expresses no opinion on whether LCSC is a third-party beneficiary of the contract between JMA and Hoekstra.

Hoekstra's Request that Portions of the Amended Complaint be Stricken

In addition to arguing that Count II of the amended complaint should be dismissed, Hoekstra's memorandum asks that paragraphs 48(e), (f), and (i) be stricken as legally deficient. Hoekstra claims that these paragraphs "attempt to impose on Hoekstra duties it never agreed to perform." [DE 47-1 at 8].

The Court begins by noting that this request should have been filed by way of a separate motion. N.D. Ind. L.R. 7.1(b). Nonetheless, in the interest of judicial economy, this Court will address the request.

Federal Rule of Civil Procedure 12(f) provides that:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f). Motions to strike are disfavored, and the district court has wide discretion it deciding whether to strike

matters from a pleading. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286 (7th Cir. 1989); *Talbot v. Robert Matthews Distrib. Co.* 961 F.2d 654, 665 (7th Cir. 1992).

In its reply brief, Hoekstra relies on *Arrow Petroleum Co. v. Johnston*, 162 F.2d 269 (7th Cir. 1947), to support its request. In *Arrow Petroleum*, the Court of Appeals for the Seventh Circuit ruled that the district court did not error in striking a paragraph of the defendants answer because it asserted a defense based on an oral agreement predating the written agreement between the parties and was therefore not an allowable defense. *Id.* at 275. The facts of *Arrow Petroleum* are wholly different than the facts at issue here. LCSC argues that the duties asserted in these paragraphs are implied obligations, a contention which is not wholly implausible, and Hoekstra's reply brief has failed to adequately address this contention. Accordingly, after consideration of the amended complaint and the parties briefing on the request to strike paragraphs 48(e), (f) and (i), the Court finds that Hoekstra has failed to adequately support its request, and this Court will not strike any portion of paragraph 48.

CONCLUSION

For the reasons set forth above, Defendants' Motion is **DENIED**. The issue of whether LCSC is a third-party beneficiary of the contract between JMA and Hoekstra is more appropriately addressed on summary judgment or at trial.

**DATED: July 26, 2011**                    /s/ RUDY LOZANO, Judge
                                            **United States District Court**